IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **ANDREW WALKER, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**FUYAO GLASS ILLINOIS, INC.,**<br><br>Defendant. | Case No. 21-2050<br><br>(Removed from the State of Illinois, Circuit Court of Macon County, Sixth Judicial Circuit, Case No. 2021CH6) |

### NOTICE OF REMOVAL

Defendant Fuyao Glass Illinois, Inc. ("FGI" or "Defendant") provides its Notice of Removal of the above-captioned action, currently pending in the Illinois Circuit Court of Macon County, to the United States District Court for the Central District of Illinois, Urbana Division. Pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446, Defendant removes this action based upon federal question jurisdiction because Plaintiff Andrew Walker's claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. In support of its Notice of Removal, Defendant states the following:

**I.     The State Court Action.**

1. On January 21, 2021, Plaintiff Andrew Walker ("Plaintiff") filed a putative class action complaint (the "Complaint") in the Macon County Circuit Court, captioned *Andrew Walker, on behalf of himself and all others similarly situated v. Fuyao Glass Illinois, Inc.*, Case No. 2021CH6 (the "State Court Action").

2. Defendant was served with a copy of the Summons and the Complaint on February 10, 2021. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings,

and orders served upon Defendant, including a copy of the Complaint, is attached as **Exhibit 1**. No other processes, pleadings, or orders have been served on Defendant in this matter.

3. In his Complaint, Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, ("BIPA") by collecting, storing, and using the allegedly biometric information of FGI employees. (Ex. 1, Complaint ("Compl.") at ¶¶ 30-38). Specifically, Plaintiff alleges that Defendant did not comply with BIPA's notice and consent provisions when it scanned, used, and stored the fingerprint data of FGI employees when these individuals clocked-in and clocked-out of Defendant's "Illinois-based facilities." (*Id.* at ¶¶ 14-16). Plaintiff asserts his BIPA claims in both his individual and representative capacity. (*Id.* at ¶¶ 17-29).

## II. Federal Question Jurisdiction.

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims.

5. A district court has federal question jurisdiction over a claim, and removal is therefore proper, when the claim is completely preempted by Section 301 of the LMRA. *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498-499 (7th Cir. 1996). Section 301 of the LMRA preempts state law claims "directly founded on or substantially dependent on analysis of a collective-bargaining agreement." *Id.* at 498.

6. "If the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Id.* at 499. "In sum, if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is

deemed one that a defendant can remove." *Id.* S*ee also Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 797 (7th Cir. 2013) (Section 301 preemption "covers not only obvious disputes over labor contracts, but also any claim masquerading as a state-law claim that nevertheless is deemed 'really' to be a claim under a labor contract.").

7. The Seventh Circuit and district courts in Illinois have consistently held that Section 301 of the LMRA completely preempts BIPA claims brought by unionized employees. *See Miller v. Southwest Airlines*, Co., 926 F.3d 898 (7th Cir. 2019) (holding that BIPA claims brought by employees represented by a collective bargaining agency are preempted by the Railway Labor Act.); *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146 (2020) (noting that *Miller*'s reasoning applied equally to preemption of BIPA claims under the LMRA "[b]ecause [Plaintiff] was represented by a union and that union had the prospect of making material improvements in the way BIPA was implemented."); *Fernandez v. Kerry, Inc.*, Case No. 17-c-8971, 2020 WL 1820521, at *6 (N.D. Ill. Apr. 10, 2020) (in a case involving the LMRA noting that "the important point [in *Miller*] is that the Seventh Circuit has concluded that it is not possible to resolve a BIPA dispute over fingerprint time clocks without reference to the collective bargaining agreement."); *Gray v. Univ. of Chi. Med. Ctr., Inc.*, No. 19-cv-04229, 2020 WL 1445608 (N.D. Ill. Mar. 25, 2020) (applying *Miller* and holding that BIPA claims are preempted by the LMRA); *Peatry v. Bimbo Bakeries USA, Inc.*, No. 19-c-2942, 2020 WL 919202 (N.D. Ill. Feb. 26, 2020) (same); *Barton v. Swan Surfaces LLC*, No. 3:20-cv-004499, 2021 WL 793983 (S.D. Ill. Mar. 2, 2021) (same).

8. At all times relevant to the Complaint, Plaintiff was a member of the United Steel Workers, Local 193-G (the "Union"), which is the exclusive bargaining agent for Plaintiff for purposes of collective bargaining with his employer, Defendant. (*See* **Exhibit 2**, Declaration of

Rick Price ("Decl.") at ¶¶ 4, 7).  Since March 1, 2015, the terms and conditions of employment of Plaintiff and similarly situated employees at the Mt. Zion facility have been governed by a collective bargaining agreement ("CBA") that was negotiated and entered into on the employees' behalf by the Union; the most recent CBA has been in effect since June 14, 2019. (Decl. at ¶¶ 3, 5, 6).  The CBA governs the terms and conditions of employment for all "hourly-paid production and maintenance employees" at the Mt. Zion facility and that each employee in the bargaining unit must maintain membership in the Union as a "condition of employment" with Defendant.  (Decl. at ¶ 8, Ex. A at Art. III, Section 2).  Furthermore, the CBA expressly provides that "the management of the [Mt. Zion facility] and the direction of the working force remain an exclusive Management function" is vested solely in Defendant and further provides that Defendant's management rights includes the right to "plan, schedule, direct and control operations" and to "maintain or establish new or improved regulations covering the operation" of the Mt. Zion facility." (Decl. at ¶ 9, Ex. A at Art. V, Section 1).

9.      The resolution of Plaintiff's state law BIPA claims depends on the interpretation of the CBA's language concerning Defendant's management rights to manage and direct its workforce, to direct and control its operations, and to maintain or establish new or improved regulations at the Mt. Zion facility.  Specifically, the Court must determine whether Defendant complied with BIPA's notice and consent provisions with respect to the collection, storage, and use of its employees' allegedly biometric information, which necessarily requires a determination of whether Defendant's negotiation of the CBA's management rights provision with the Union constituted a sufficient written notice and release from Plaintiff's "legally authorized representative" as defined under BIPA.  *See* 740 ILCS 14/15(b); *Miller*, 926 F.3d at 903 ("We

reject plaintiff's contention that a union is not a 'legally authorized representative' for [BIPA purposes]."); *Fernandez*, 2020 WL 7027587, at *6 (holding same under the LMRA).

10. Therefore, Plaintiff's Complaint invokes a federal question because his BIPA claims are completely preempted by Section 301 of the LMRA. *See also Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146, 1151 n.1 (7th Cir. 2020) ("Under the complete-preemption doctrine, a plaintiff's state cause of action can be recast as a federal claim making its removal by the defendant proper on the basis of federal question jurisdiction.") (internal citations omitted).

11. Moreover, the BIPA claims of the putative class are also completely preempted by Section 301 of the LMRA. Aside from the Mt. Zion facility, Defendant has no other facilities in Illinois and only those employees in the bargaining unit at the Mt. Zion facility used allegedly biometric information to clock-in and clock-out for purposes of tracking their time. (Decl. at ¶ 10). As such, the putative class consists entirely of only those employees at the Mt. Zion facility who are governed by the CBA and are represented by the Union. Therefore, the claims of other putative class members are also completely preempted by the LMRA.

**III. Venue and Procedural Requirements.**

12. Venue is proper in the Central District of Illinois located in Urbana, Illinois because the State Court Action is pending within the jurisdictional confines of this Court. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a); Local Rule 40.1.

13. Pursuant to 28 U.S.C. § 1446(b), Defendant timely filed this Notice of Removal because it is within 30 days of when Defendant was served with the Complaint on February 10, 2021.

2:21-cv-02050-CSB-EIL    # 1    Filed: 03/12/21    Page 6 of 7

14. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with this filing, Defendant is serving the Notice to Adverse Party of Filing of Notice of Removal upon Plaintiff through his attorneys. (*See* Notice to Adverse Parties of Notice of Removal, attached as **Exhibit 3**).

15. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with this filing, Defendant has also filed a copy of the Notice of Removal to the Circuit Court. (*See* Notice to State Court of Filing Notice of Removal, attached as **Exhibit 4**).

16. Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant Fuyao Glass Illinois, Inc., hereby removes this Action from the Circuit Court of Macon County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: March 12, 2021                                  Respectfully submitted,

                                                 **FUYAO GLASS ILLINOIS, INC.**

By: */s/ David K. Haase*
                                                      One of Its Attorneys

David K. Haase
Daniel Y. Kim (*Application for admission pending*)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
312.372.5520
dhaase@littler.com
dkim@littler.com

**CERTIFICATE OF SERVICE**

David K. Haase, an attorney, hereby certifies that on March 12, 2021, he electronically filed a *Notice of Removal* via the CM/ECF filing system with the United States District Court for the Central District of Illinois, which sent electronic notification of such filing to the following individuals, and sent a copy of the same via email:

Carl W. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd.
Suite 1700
Chicago, IL 60604
malmstrom@whafh.com

Frank S. Hedin
David W. Hall
Arun G. Ravindran
Hedin Hall LLP
1395 Brickell Ave.
Suite 1140
Miami, FL 33131
fhedin@hedinhall.com
dhall@hedinhall.com
aravindran@hedinhall.com

                                                */s/ David K. Haase*
                                                    David K. Haase